# Lawrence, Appellant, *v.* Philadelphia.

*Streets—Change of grade—Damages.*

A person owning a number of contiguous lots with houses thereon, abutting on three streets, is entitled to damages for a change of grade of one of the streets, only as to the lots abutting on the street whose grade is changed, and not as to the lots abutting on the other two streets.

Argued Jan. 27, 1893. Appeal, No. 70, Jan. T., 1893, by plaintiff, Edmund Lawrence, from judgment of C. P. No. 1, Phila. Co., June T., 1887, No. 87, on special verdict. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Trespass for change of grade of street.

At the trial, it appeared that plaintiff was the owner of thirteen adjoining houses and lots, four of which were on Second street, four others adjoining on Venango street, and five others adjoining on Cooper street. The grade of Second street was

raised in front of the houses abutting on that street.    No change of grade was made on Venango street and Cooper street.

The jury found the following special verdict:

"Plaintiff was the owner of the premises indicated upon the plan attached hereto.   In the years 1883 and 1884, the city of Philadelphia raised the level of Second street in front of plaintiff's four lots fronting upon that street, to the heights indicated by the said plan.

"If the plaintiff can recover damages because of depreciation in the market value of his lots upon Cooper street, Venango street and Second street, owing to the said elevation of Second street, then his damages incurred thereby are in the amount of $2,000.   If the plaintiff must be restricted solely to the injury which his lots fronting upon Second street have suffered by reason of the change of grade referred to, then his damages are $950.

"During the entire ownership of plaintiff, the various houses and lots owned by him and indicated by the plan attached hereto, were occupied by different tenants, and were wholly unconnected and unrelated in every respect, save that of ownership, each from the other.

"The injury claimed to have been suffered by the house-lots fronting on Cooper street, consists of the disadvantages arising from the fact that Venango street does not connect with Second street at a level, and does not permit travel to and fro, since it is nine or more feet below the level of the latter street.

"The injury claimed to have been suffered by the lots fronting on Venango street, arises from the same disadvantages to travel as above."

Judgment for plaintiff for $950.    Plaintiff appealed.

*Error assigned* was not entering judgment for $2,000.

*Aaron Thompson*, for appellant, cited, R. R. v. Patent, 17 W. N. 198; Snyder v. Lancaster, 20 W. N. 184; O'Conner v. Pittsburgh, 18 Pa. 190; Jones v. Borough of Bangor, 144 Pa. 647.

*E. Spencer Miller*, assistant city solicitor, and *Charles F. Warwick*, city solicitor, for appellee, not heard, cited, Gold v.

Phila., 115 Pa. 184; Paul v. Carver, 24 Pa. 207 ; McGee's Ap., 114 Pa. 470 ; Centre street, 115 Pa. 247 ; Howard Street, 142 Pa. 601.

PER CURIAM, February 13, 1893 :

We think the judgment in this case was properly entered, and it is therefore

Affirmed.